Bruce A. Salzburg
Attorney General

John W. Renneisen #5-1861
Deputy Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming 82002
(307) 777-5996
(307) 777-8920 Facsimile

Attorneys for Defendant Robert E. Skar

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GERALD DAVID SHUPE-RODERICK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-CV-033-D |
| WYOMING CHILD SUPPORT SERVICES, ROBERT E. SKAR, JODIE A. THOMPSON and ANGIE M. HOLDEN, | ) |
| Defendants. | ) |

## DEFENDANT ROBERT E. SKAR'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**COMES NOW** Robert E. Skar, in his individual and official capacities (hereinafter referred to as the "Judge Skar"), by and through his attorney, John W. Renneisen, Deputy Attorney General, and submits the following memorandum in support of his motion to

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 1 of 10

dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6), which motion is filed herewith.

### I. SUMMARY OF GROUNDS FOR DISMISSAL

A. Judge Skar has absolute judicial immunity from Plaintiff's suit.

B. This Court lacks subject matter jurisdiction.

C. The Plaintiff failed to state a claim upon which relief can be granted against Judge Skar.

### II. BACKGROUND

In August 2007 the Plaintiff, Gerald David Shupe, Jr.[1] was ordered by the Wyoming State District Court, to pay monthly support for his minor child referred to as "H.M.M." (Doc. 1 ¶ 7). The maternal grandparents, who are the guardians of the minor child, "H.M.M.," are seeking in the Wyoming state court to terminate the parental rights of Mr. Shupe. Pursuant to a stipulation, Mr. Shupe has agreed to the termination on the condition that his obligations of support, including arrearages, also be terminated. (Doc. 1 ¶ 8). Judge Skar accepted the parties' stipulation and provided that the termination of child support, including arrearages be conditioned on the termination of parental rights. (Exhibit A: Judge Skar Affidavit at ¶ 6). Judge Skar also anticipated that a child support intercept might also be

---

[1] In his pleadings, the Plaintiff uses the name G. David Roderick which is an apparent alias.

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 2 of 10

in place and that any funds intercepted for 2009 be refunded to Mr. Shupe in due course. (Exhibit B: *Mayne v. Shupe*, Fifth Jud. Dist. C09-84, Termination of Parental Rights Proceeding, Feb. 12, 2010 at p. 15) (*filed under seal of the court*). Mr. Shupe was not present at this hearing. (Exhibit C at p. 3). Apparently an intercept did take place. (Doc. 1 ¶ 13).

In this suit, Mr. Shupe contends that his 2009 federal tax refund was intercepted based on a child support arrearage, which he claims was extinguished by the state court. (Doc. 1 ¶¶ 9, 12 & 13). Mr. Shupe claims that this interception violated his "civil rights" (Doc. 1 ¶ 14) and violates his "constitutional right to be free from unnecessary intrusion ..." (Doc. 1 ¶ 15). Mr. Shupe seeks compensatory and punitive damages from all of the defendants. (Doc. 1 p. 4-5, ¶¶ 1 & 2). Plaintiff also seeks costs, attorney fees,[2] and other fees. (Doc. 1 p. 5, ¶ 3).

### III. STANDARD OF REVIEW FOR MOTION TO DISMISS

On a motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and construes them in a light most favorable to the Plaintiff, while resolving all reasonable inferences in Plaintiff's favor. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991). While the Court liberally construes the *pro se* Plaintiff's pleadings and holds them to a less stringent standard than those prepared by a lawyer,

---

[2] The Plaintiff is not an attorney and is proceeding in this matter *pro se*.

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 3 of 10

*Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir. 1989), the Court does not assume the role of advocate for the *pro se* litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). To survive dismissal pursuant to Rule 12(b)(6), the complaint must include facts sufficient to state a plausible claim to relief. *TON Servs., Inc. v. Qwest Corp.,* 493 F.3d 1225, 1236 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiff's Complaint must raise a right to relief above the level of speculation. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).

Where, as here, the Court's jurisdiction is contested in the early stages of litigation, it is Plaintiff's burden to make a *prima facie* showing that jurisdiction exists. Unless this Court conducts an evidentiary hearing, Judge Skar's Motion to Dismiss for lack of jurisdiction should be decided on the basis of affidavits and other written material submitted. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). The Court takes as true the well-pleaded allegations of the complaint to the extent uncontroverted by the Judge Skar' affidavits. Allegations which are implausible, conclusory or speculative, are not well-pled. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008). Factual disputes are to be resolved in the Plaintiff's favor. *Wenz v. Memery Crystal,* 55 F.3d at 1505.

*Shupe-Roderick v. Wyoming Child Support, et al.,* Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 4 of 10

## IV.   ARGUMENTS

### A.   JUDGE SKAR HAS ABSOLUTE JUDICIAL IMMUNITY.

Judicial officers, acting in their official capacity, are entitled to absolute immunity. "Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. *Bradley v. Fisher*, 13 Wall 335, 347, 351 (1872); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978).

Robert E. Skar is District Court Judge for the Fifth Judicial District, Wyoming. (Exhibit A: Judge Skar Affidavit at ¶ 3). Dismissal of Judge Skar is proper at this stage "because it is well established that 'absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.'" *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (*quoting Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)). A judge is protected by absolute immunity even if procedural errors flaw his exercise of judicial authority, and even if the actions of the judge may be characterized as malicious. *Stump*, 435 U.S. at 359; *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

There are two exceptions to the absolute immunity afforded to judges: first a judge is not immune from liability for actions taken completely outside his judicial capacity; second, a judge is not immune for judicial actions, taken in the complete absence of any jurisdiction.

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 5 of 10

*Mireles v. Wako,* 502 U.S. 9, 11 (1991); *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986).

The allegations of the Complaint against Judge Skar clearly concern judicial action. (Doc. 1 ¶¶ 9, 12). Judicial immunity applies under the first test in *Mireles,* since action, or failure to act as desired by Plaintiff, was done by Judge Skar in his judicial capacity. (*See* Doc. 1 ¶¶ 9 & 12, and Judge Skar's Order Terminating Child Support Obligation, Nov. 2, 2009; Judge Skar's Order for Termination of Child Support, Feb. 23, 2010, both attached to Doc. 1).

It is not alleged that Judge Skar lacked jurisdiction over Plaintiff's parental rights or child support obligations. As a Wyoming district court judge, Judge Skar has jurisdiction in matters of divorce or dissolution of marriage, child custody, and parental obligations of support. WYO. STAT. ANN. §§ 20-2-101 through 20-2-116, and 20-2-201 through 20-2-204, and 14-2-204(c). As a district court judge, Judge Skar has jurisdiction over petitions for the termination of parental rights. WYO. STAT. ANN. § 14-2-308(a)(iv). It is not alleged that Judge Skar acted in the complete absence of all jurisdiction. Because neither test to overcome absolute immunity has been met, Judge Skar has absolute judicial immunity. *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188-89 (10th Cir. 2003).

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 6 of 10

B.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION.**

Plaintiff carries the burden of proving subject matter jurisdiction. *Dudnikov*, 514 F.3d at 1070.  It is unclear whether Plaintiff is suing the Judge Skar in his official or individual capacity.  The Court must look to the substance of the Plaintiff's Complaint. *Trujillo v. Williams*, 465 F.3d 1210, 1218 fn. 9 (10th Cir. 2006). The distinction between official-capacity and personal-capacity claims is significant. *See Kentucky v. Graham*, 473 U.S. 159, 165-170 (1985) (The elements of a claim and defenses available vary depending on the status in which defendants are sued).  To the extent Plaintiff's claims against Judge Skar are in his official capacity, Plaintiffs' Complaint must be dismissed under FED. R. CIV. P. 12(b)(1).

The Eleventh Amendment to the Constitution bars suits against state officials in their official capacities for money damages under 42 U.S.C. § 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees. *Garrett v. Board of Trustees of University of Alabama*, 531 U.S. 356, 363 (2001); *V-1 Oil Co. v. Utah St. Dept. of Pub. Safety,* 131 F.3d 1415, 1421 (10th Cir. 1997); *Ellis v. Univ. of Kansas Med. Center*, 163 F.3d 1186, 1195 (10th Cir. 1998). Judge Skar, in his official capacity, is an officer of the state immune from Plaintiff's suit for damages in federal court. *Edwards v. Whetsel*, 08-cv-134-F, 2009 WL 368487 at *4 (W.D. Okla. Feb. 13, 2009) (unpublished opinion copy attached).  Assuming

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 7 of 10

Plaintiff is proceeding under 42 U.S.C. § 1983, the statute only imposes liability on "persons" acting under color of law."[3] *See* 42 U.S.C. § 1983. State judges acting in their official capacities are not "persons" under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Wyoming has not waived its immunity under the Eleventh Amendment. *Ware v. Wyoming Bd. of Law Examiners*, 973 F.Supp. 1339, 1352 (D.Wyo. 1997), aff'd 161 F.3d 19 (10th Cir. 1998). Neither did Congress abrogate Wyoming's Eleventh Amendment immunity by adoption of 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, to the extent the Plaintiff is suing Judge Skar in his official capacity for money damages, this Court is without jurisdiction.

C. **PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION ON WHICH RELIEF CAN BE GRANTED.**

Plaintiff's Complaint fails to state a cause of action against Judge Skar on which relief can be granted. While Judge Skar is named in the caption, he is barely mentioned in the body of the Complaint. (Doc. 1 ¶¶ 3, 9 & 12).

There are no *factual* allegations that Judge Skar acted or omitted to act in a manner so as to violate a constitutional or federal right of the Plaintiff. The Plaintiff's allegations are purely conclusory, and non-factual. (Doc. 1 ¶¶ 14, 15). Plaintiff has failed to satisfy the

---

[3] Plaintiff's Complaint contains no express reference to 42 U.S.C. § 1983 or any other provision of federal law creating or granting him a cause of action on his claims.

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 8 of 10

requirements of FED. R. CIV. P. 8(a)(1) to make a short and plain statement of the "grounds for the court's jurisdiction." The Complaint also fails to make "a short and plain statement of the claim *showing the pleader is entitled to relief* ..." FED. R. CIV. P. 8(a)(2) (emphasis added).

The Complaint's allegations are completely lacking in factual specificity sufficient to state a claim against Judge Skar. *TON Servs., Inc.*, 493 F.3d at 1236 *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570. No inferences may reasonably be drawn from the allegations in Plaintiff's favor. Plaintiff's Complaint is subject to dismissal pursuant to FED.R.CIV.P. 12(b)(1) and (6). *Kay v. Bemis,* 500 F.3d at 1218; *Hall v. Bellmon,* 935 F.2d at 1110.

**WHEREFORE**, for the reasons stated above, Judge Skar respectfully requests this Court to dismiss Plaintiff's Complaint against him.

**DATED** this 31st day of March, 2010.

_____
John W. Renneisen
Deputy Attorney General

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 9 of 10

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2010, the foregoing instrument was sent *via* U.S. mail, postage pre-paid to the following:

G. David Shupe, Jr.
P.O. Box 1653
Cheyenne, WY 82003-1653

MaryBeth Jones
Office of the Wyoming Attorney General

*Shupe-Roderick v. Wyoming Child Support, et al.*, Civil Action No. 10-CV-033-D
Defendant Robert E. Skar's Memorandum in Support of Motion to Dismiss
Page 10 of 10